IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ESTATE OF DOROTHY MARTIN,
MARY MARTIN,

    Plaintiffs,                          CIV. NO. S- 02-2334 DFL GGH

   vs.

CALIFORNIA DEPARTMENT OF
VETERANS AFFAIRS, et al.,

    Defendants.                       ORDER
_____/

        Defendants' motion to quash civil subpoenas was heard on August 18, 2005. John Ruocco appeared for defendants. Chad Carlock appeared for plaintiffs. Having reviewed the joint statement and heard oral argument, the court now issues the following order.

        This case concerns decedent's Dorothy Martin's denial of admission, or placement on a waiting list, to veterans homes for aged or disabled veterans. Her estate claims that the Department of Veterans Affairs ("Department") violated the Rehabilitation Act, the Americans with Disabilities Act and the Equal Protection Clause of the Fourteenth Amendment through their admissions policy and criteria. Trial is scheduled for August 30, 2005. Plaintiffs have supboenaed for trial the current Secretary of the Department, Thomas Johnson, and four of five current board members, Vernon Chong, James Crump, George Sinopoli and Leo Burke.

1 According to defendants, these individuals are not parties and plaintiffs never
2 sought to take their depositions. Defendants also contend that these people have no personal
3 knowledge of Dorothy Martin or her applications to the Veterans Homes. They also claim
4 immunity, irrelevance, and other less burdensome means available to obtain the same
5 information.
6 Plaintiffs contend, without opposition, that defendants had previously agreed to
7 provide all witnesses voluntarily without subpoena and are now refusing to honor that agreement,
8 that the testimony to be provided would be based on the witnesses' personal knowledge, and that
9 the information can not be obtained through a less burdensome means.
10 At the outset, it is noted that high ranking government officials should not be
11 hauled into court for matters about which they have no personal knowledge unless there is no
12 alternative source for the information or less burdensome means. See Kyle Engineering Co. v.
13 Kleppe, 600 F.2d 226 (9th Cir. 1979) (finding heads of government agencies not normally subject
14 to deposition); Warzon v. Drew, 155 F.R.D. 183, 185 (E.D. Wis. 1994) (noting that "before the
15 involuntary depositions of high ranking government officials will be permitted, the party seeking
16 the depositions must demonstrate that the particular official's testimony will likely lead to the
17 discovery of admissible evidence and is essential to that party's case, [citation omitted] ... [and]
18 the evidence must not be available through an alternative source or via less burdensome means").
19 In other words, these officials should be able to perform their duties without constant interference
20 by past problems which led to litigation.
21 Defendants represented at hearing that former Secretary and defendant Thiessen
22 was one of the persons most knowledgeable concerning the subject matter in plaintiffs'
23 subpoena. Therefore, defendants shall produce defendant Thiessen in response to plaintiffs'
24 subpoena. See Smith v. State of Georgia Dep't of Children and Youth Services, 179 F.R.D. 644,
25 646 (N. D. Ga. 1998) (finding plaintiffs entitled to depose high ranking government official listed
26 \\\\\

as defense witness for trial). He will respond to the questions raised in plaintiffs' subpoena.[1] Moreover, defendants shall produce a board member, without necessity of subpoena.

In regard to plaintiffs' contention that testimony is necessary to lay a foundation for and authenticate documents because defendants have objected to many of plaintiffs' proposed trial exhibits on these grounds, this argument is not convincing. Defendants represented that they would stipulate to the authenticity of those documents produced to plaintiffs for which they can confirm the authenticity. It is not clear whether defendants will withdraw any objections they have to plaintiffs' exhibits. However, plaintiffs' counsel expressed confidence that he would be able to lay a proper foundation in any event. The court will not order the Secretary or board members subpoenaed for this function merely out of an abundance of caution.

To the extent that plaintiffs attempt to introduce information regarding a change in the policy made after the incidents in question, plaintiffs shall raise any dispute over these matters before the district court.

Finally, defendants' act of reneging on an agreement to produce these witnesses without subpoena borders on sharp practice. Such an agreement should not be required to be in a formal written contract in order to be enforced. Only because plaintiffs have not been sufficiently prejudiced by defendants' breach will the agreement not be enforced.

Accordingly, IT IS ORDERED that:

1. Defendants' motion to quash civil subpoenas is denied in part and granted in part.

\\\\\
\\\\\
\\\\\

---

[1] The subpoena itself was not submitted to the court; however, defendants represented that it called for someone knowledgeable about the subject matter of admissions policies, the admissions process and specifically the processing of applications for admission of Dorothy Martin.

2. Defendants shall produce at trial defendant Thiessen in response to plaintiffs' subpoena. Defendants shall produce one board member without subpoena.

DATED: 8/23/05

/s/ Gregory G. Hollows
_____
GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076
Martin2334.sub

4